IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03248-CYC

JUSTIN CRAIG GANOE and
SARAH WEISS,

     Plaintiffs,

v.

FRANCESCO GRECO and
ANTHONY MIVELAZ,

     Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

     This matter is before the Court on the plaintiff's Motion to Administratively Close Action, ECF No. 71, which asks the Court to administratively close this case while the parties' expert completes his financial solvency analysis and prepares a report. The plaintiffs explain that the expert's analysis is one step in their potential resolution of this matter, which was discussed and agreed when they met with Magistrate Judge Prose on June 11, 2025. *Id*. at 1–2. For the reasons stated herein, the Court grants the motion.

## <u>ANALYSIS</u>

     The plaintiffs ask the Court to administratively close this matter while the parties work toward resolution of this case. *Id*. at 2. Given the potential that the expert analysis may demonstrate that "obtaining a judgment in this matter would not be advantageous or beneficial in any way," and the parties may, therefore, determine that "engaging in further litigation and spending the time and money to take this matter to a jury trial would not be an efficient use of [ ]

resources," *id.* at 2, administrative closure pursuant to D.C.COLO.LCivR 41.2 is appropriate, subject to reopening for good cause.

The Tenth Circuit has construed an administrative closure to be "the practical equivalent of a stay." *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987). In *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closure as a "way in which courts remove cases from their active files without making any final adjudication." *Id.* at 392 (quotation marks omitted). "[A]n administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id.* The Court may administratively close a case pursuant to D.C.COLO.LCivR 41.2 when, as here, the parties are working toward a settlement, but the timing of resolution is uncertain. *Dab Drilling, Inc. v. Dabovich*, No. 18-cv-01197-WJM-NRN, 2020 WL 6262997, at *1 (D. Colo. Jan. 29, 2020), *recommendation adopted*, 2020 WL 6262998 (D. Colo. Feb. 7, 2020). Given that the expert will be engaging in an analysis of the financial solvency of certain parties and his report may provide information that will result in the parties determining that continuing with this litigation would not be worthwhile, it is in the best interest of the parties and in the interest of judicial economy to administratively close this case, subject to reopening for good cause under the Local Rule.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the plaintiff's Motion to Administratively Close Action, ECF No. 71, is **GRANTED**.

It is further ORDERED that the July 31, 2025 Final Pretrial Conference is **VACATED** and the Plaintiffs' Motion for Partial Summary Judgment Against Defendant, ECF No. 46, is **DENIED without prejudice**.

It is further ORDERED that this case is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause, and the parties are ordered to file, **within ninety days of this administrative closure**, either: (1) a motion to reopen this case for good cause, (2) a motion for voluntary dismissal or stipulation to dismiss, or (3) a status report regarding settlement negotiations.

Entered this 28th day of July, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge