IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03248-CYC

JUSTIN CRAIG GANOE and
SARAH WEISS,

Plaintiffs and Counter Defendants,

v.

FRANCESCO GRECO and
ANTHONY MIVELAZ,

Defendants and Counter Claimants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiffs' Motion Re Discovery Dispute, ECF No. 92, requesting an order to compel defendants to provide discovery and imposing sanctions. Because the defendants' discovery responses are deficient, and they have offered no response to the plaintiffs' motion, the motion is **GRANTED** to the extent indicated below.

**BACKGROUND**

This is a commercial dispute stemming from the plaintiffs' sale of VaporLife, a "vaping" company, to the defendants. *See* ECF No. 41 at 2. The case has a long procedural history. Pertinent here, in July 2025, the parties agreed to administratively close the case so that a mutually-obtained expert could assess the financial solvency of the defendants and assist the parties in determining whether continued litigation would be worthwhile. ECF No. 71. But this plan never came to fruition, and in December 2025, after defense counsel indicated that his clients would not be filing for bankruptcy, the Court reopened the case. ECF No. 74.

At the parties' request, the Court reopened limited expert discovery. ECF No. 80. Following several extensions, ECF Nos. 82, 84, the discovery cut-off and dispositive motions deadline was set for October 20, 2026. *See* ECF No. 88. In August, pursuant to the Court's practice standards, the plaintiffs requested a discovery hearing to address outstanding issues with the defendants' discovery responses. ECF No. 85. A discovery hearing was set for September 22. In their pre-hearing discovery statement, the plaintiffs detailed their substantial but unsuccessful efforts to confer with defense counsel about the discovery responses and obtain defendants' positions on the disputed issues prior to the discovery hearing. As a result, the discovery statement was submitted without any input from defendants.

The Court vacated the discovery hearing and instead permitted the plaintiff to file a motion setting forth the disputes and requesting relief by September 30. ECF No. 91. The plaintiff did so. The time for defendants to respond to the motion has come and gone. *See* D.C.COLO.LCivR 7.1(d). The defendants neither submitted a response nor requested more time. And although defense counsel previously represented to the plaintiffs that he would be withdrawing from the case, ECF No. 92 at 2, no motion to withdraw has been filed. Accordingly, the Court considers the motion without any information or argument from the defendants.

## ANALYSIS

Federal Rule of Civil Procedure 37(a) permits a party to an action, on notice to the affected party or person and after a good faith effort to confer, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). A party who "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34" is properly subject to a motion to compel. *Id.* 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* 37(a)(4).

District courts have broad discretion over discovery. *See Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 952 (10th Cir. 2004). "When ruling upon a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in the response to the motion to compel." *Cardenas v. Dorel Juv. Grp., Inc.*, 230 F.R.D. 611, 615 (D. Kan. 2005). "Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned." *Id.* It inevitably follows that the "failure to respond to a motion to compel is deemed to be a waiver of any previously asserted objections to the requests at issue." *Stine v. Nafziger*, No. 07-cv-02203-WYD-KLM, 2008 WL 5120697, at *1 (D. Colo. Dec. 4, 2008). By the same token, when a party declines to respond to a motion, a court will "not do his work for him and dissect the [opposing party's] plausible argument." *Cayetano-Castillo v. Lynch*, 630 F. App'x 788, 794 (10th Cir. 2015).

## I. The plaintiffs satisfied the conferral requirement

Initially, the plaintiffs have satisfied all conferral requirements before bringing this motion. *See* Fed. R. Civ. P. 37(a) (requiring good faith conferral prior to moving to compel discovery); D.C.COLO.LCivR 7.1(a) (similarly requiring conferral or good faith effort to confer before filing a motion); D.C.COLO.MJ V.1 (same); D.C.COLO.MJ VI.2 (mandating conferral prior to requesting the court's intervention in a discovery dispute).

The motion sets out the plaintiffs' substantial efforts to confer regarding the underlying discovery disputes between June 11, 2026, when they first sent a formal conferral letter, through September 17, 2026, when they were granted leave to file this motion in lieu of a discovery hearing. ECF No. 92 at 2–3. In response to the plaintiffs' letter, emails, and telephone calls, defense counsel repeatedly assured them that he was "working on discovery responses and would provide supplemental responses." *Id.* at 2. To date, however, no such supplemental responses have been provided, and when the plaintiffs reached out to find a time to confer and/or

prepare a joint discovery statement, defense counsel either failed to respond or explained that he was withdrawing from the case but that he could confer at some later time. *Id.* at 2–3. It does not appear that defense counsel ever actually made himself available at a time certain for conferral.

Under these circumstances, the plaintiffs have demonstrated reasonable, good faith efforts to confer regarding this motion's discovery disputes.

## II. The discovery issues

The plaintiffs raise twelve discrete discovery issues. For the reasons below, and because the defendants have not responded in any form, the plaintiff is entitled to relief on each item.

### a. The response to Interrogatory No. 1 is evasive and incomplete.

The interrogatories were initially served on January 27, 2025, six months before the case was administratively closed. ECF No. 92 at 12. The defendants did not respond until April 9, 2026, ECF No. 92-1, and have never supplemented their responses.

Interrogatory No. 1 ask defendants to "[i]dentify all distributions and withdrawals you received from VaporLife from 2019 to 2023, including the date of withdrawal, the amount, and the purpose." ECF No. 92-1 at 4. The defendants responded that they "do not have access to these numbers or documents," that they were trying to get them from VaporLife's bookkeeper, Teresa Fritts, now deceased, and that the documents "may need to be subpoenaed." *Id.*

Responses to interrogatories are ordinarily due within 30 days of service. Fed. R. Civ. P. 33(b)(2). "The answers to interrogatories must be responsive, full, complete and unevasive." *Jones v. City of Albuquerque*, No. CIV 04-174 JH/LFG, 2005 WL 8163703, at *4 (D.N.M. Oct. 24, 2005) (citation omitted). Parties "are under a duty to complete a reasonable investigation when presented with the opposing party's interrogatories and document requests," *Watson v. Dillon Cos., Inc.*, No. 08-cv-00091-WDM-CBS, 2008 WL 5104783, at *6 (D. Colo. Dec. 2, 2008) (citation omitted). Available information includes "information found in documents that

[the party] controls but does not possess and information held by current employees and former employees whose identities are known or reasonably ascertainable." *City of Las Cruces v. United States*, Civ. No. 17-809 JCH/GBW, 2021 WL 330062, at *14 (D.N.M. Feb. 1, 2021). "If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." *Jones*, 2005 WL 8163703, at *4 (citation omitted).

The defendants' response to Interrogatory No. 1 is deficient. Initially, the response was submitted fourteen months after the interrogatories were served, far outside the period prescribed by Fed. R. Civ. P. 33(b)(2). While the parties agreed to an extension of time, ECF No. 92 at 12, and then the case was administratively closed between July and December 2025, the extreme delay underscores the deficiency of the response itself. The defendants do not explain why such financial information was not under their direct control, what efforts they made to obtain it from Ms. Fritts or other sources, from whom it could be subpoenaed, and under what conditions a subpoena would be necessary.

Accordingly, the defendants are directed to supplement their response to Interrogatory No. 1 within 14 days. Their answer "must be complete, explicit, and responsive." *City of Las Cruces*, 2021 WL 330062, at *8. If defendants do not possess the requested information in whole or in part after a reasonably diligent search, they must so state under oath, and explain in detail what specific efforts they made to obtain it, and what further action, if any, would be likely to obtain it. If they believe a subpoena is necessary, they must state the foundation for that belief.

**b. The response to Interrogatory No. 2 is evasive and incomplete.**

Interrogatory No. 2 asks for "all bank accounts into which you deposited any distributions, withdrawals, salary, or compensation received from VaporLife." ECF No. 92-1 at 6. The defendants responded stating that they had personal checking accounts, no longer active,

with JP Morgan and Citizens Union Bank, and that they have "requested statements" from these banks, which they will provide "as soon as they are available." *Id.*

The plaintiffs charge that this response is nonresponsive, ECF No. 92 at 4–5, but it is actually evasive and incomplete. The defendants provide the type of accounts they had and the institutions where they were maintained, but they do not identify the accounts themselves. Furthermore, as with the first interrogatory, the defendants' response does not sufficiently explain their efforts to obtain this information, or when they expect to receive it.

Accordingly, the defendants are directed to supplement their response to Interrogatory No. 2 within 14 days. They must specifically identify the relevant bank accounts, and provide the requested statements. If the defendants do not have this information and accompanying documents, they must so state under oath, and explain in detail what efforts they have made to obtain them, and what further action, if any, is likely to obtain them.

**c. The response to Interrogatory No. 4 is evasive and incomplete.**

Interrogatory No. 4 requests that defendants identify "any tangible assets with value exceeding $2,000," including real estate, they purchased between 2019 and present. ECF No. 92-1 at 5. The response states that defendant Greco did not purchase any tangible assets and that defendant Mivelaz "is currently making a list of assets" and "reviewing this information now for an accurate accounting." *Id.* No supplement to this response has been provided.

"A response that [a party] is still 'checking' is not sufficient." *Jones*, 2005 WL 8163703, at *4. The defendants' response is therefore incomplete, and they are directed to supplement their response to Interrogatory No. 4 within 14 days. The response must provide a list of Mivelaz's assets fitting the relevant criteria, and if such list is unavailable, so state under oath, and detail what efforts have been made to obtain it, and what further action, if any, is likely to obtain it.

**d. The response to Interrogatory No. 6 is evasive and incomplete.**

Interrogatory No. 6 requests information regarding applications made by defendants for government programs to benefit VaporLife, including "[w]here a true copy of the application can be found." ECF No. 92-1 at 6–7. The defendants responded that the Small Business Administration ("SBA") would have to be contacted because they "cannot find copies" of their application(s). *Id.* They do not state that they have contacted the SBA.

This response is deficient. While defendants are "not required to make an extensive investigation" to answer an interrogatory or do the plaintiffs' "investigation for [the]m," *City of Las Cruces*, 2021 WL 330062, at *8, contacting the SBA to request a copy of their own program application is entirely reasonable and necessary. The defendants are therefore directed to supplement their response to Interrogatory No. 6 within 14 days. Their response must include whether they have obtained a copy of any and all applications responsive to this request. If they have not obtained them, the defendants shall so state under oath, and detail what efforts have been made, and what further action, if any, is likely to obtain them.

**e. The response to Interrogatory No. 8 omits referenced documents.**

The defendants' response to Interrogatory No. 8 references attached documents, ECF No. 92-1 at 6, but the plaintiffs assert that no such documents were in fact attached to the interrogatory responses or otherwise provided. ECF No. 92 at 7. Accordingly, defendants are directed to supplement their response to Interrogatory No. 8 within 14 days by providing the referenced documents.

**f. The response to Interrogatory No. 9 is evasive and incomplete.**

Interrogatory No. 9 asks the defendants to "[i]dentify all formal communications, including minutes or written consent of members, for VaporLife, from 2019 to 2023." ECF No. 92-1 at 6. The defendants answered that "[r]esponsive documents, if any, will send as attachment

in email. Teresa passed away and these documents may need to be subpoenaed." *Id.* No email attachment with responsive documents has been provided.

This response is deficient. As plaintiffs point out, it does not identify any communications or indicate whether they exist. Nor does it explain what reasonable efforts, if any, the defendants have undertaken to determine the existence of and obtain the responsive documents. Finally, it does not explain under what conditions a subpoena would be necessary.

Accordingly, defendants are directed to supplement their response to Interrogatory No. 9 within 14 days. The response must identify the responsive communications, if they exist. If the defendants determine they do not exist after reasonable investigation, they must so state under oath and detail how such a determination was reached. If the documents exist and are available, the defendants must provide them to the plaintiffs consistent with Fed. R. Civ. P. 26. If the documents exist but are unavailable, the defendants must so state under oath and detail what efforts have been made to obtain them, and what further action, if any, is likely to obtain them. If they believe a subpoena is necessary, they must provide the foundation for that belief.

**g. The response to Interrogatory No. 12 is evasive and incomplete.**

Interrogatory No. 12 asks the defendants to "[i]dentify all instances where Defendants made personal withdrawals from VaporLife's bank accounts, including the date, amount, and the purpose of each withdrawal." ECF No. 92-1 at 7. The response states that they "do not have access to the business bank statements or to Teresa Fritts' financial records." *Id.* It goes on to say that "[n]o funds were withdrawn from the VaporLife account for personal use" except for payroll disbursements "during a period" where Ms. Fritts was unavailable. *Id.*

This response is deficient. Initially, the plaintiffs state that VaporLife's bank records have already been disclosed in this litigation. ECF No. 92 at 8. In that case, the defendants should be able to review the bank records and identify any and all personal withdrawals. If, as the

defendants claim, they do not have access to necessary records to properly respond to this interrogatory, they fail to explain what efforts, if any, they have undertaken to obtain them. The response is also ambiguous—it states that there were no withdrawals for personal use but then indicates that withdrawals were made for payroll during a period of time. The defendants may be distinguishing between personal use and legitimate payroll expenses, but their answer is unclear.

Accordingly, the defendants are directed to supplement their response to Interrogatory No. 12 within 14 days. If the defendants claim that they still do not have access to the necessary records, their response must state under oath why the previously disclosed bank records are not sufficient, why the identified but unavailable records are necessary, what efforts have been made to obtain the unavailable records, and what future action, if any, is likely to obtain them. If the defendants maintain that they did not make any personal withdrawals, they must so state under oath. In all events, they must identify the defendants' withdrawals for payroll disbursements, including dates and amounts.

**h. The response to Interrogatory No. 13 is evasive, nonresponsive, and incomplete.**

Interrogatory No. 13 asks defendants to "[i]dentify all communications between Defendants and any third parties, including lenders or financial institutions, concerning the financial condition of VaporLife from 2021 to 2023." ECF No. 92-1 at 7. The defendants answer with a list of individuals, businesses, and organizations with whom they communicated. *Id.* They further state that "Teresa passed away and these documents may need to be subpoenaed." *Id.*

This response is deficient. It does not identify any communications, only parties with whom the defendants communicated. To the extent that the defendants are claiming that they cannot provide this information without obtaining the underlying documents, and those documents are unavailable to them after reasonable efforts, their answer is not clear.

Accordingly, the defendants are directed to supplement their response to Interrogatory No. 13 within 14 days. The supplemented response must identify the requested communications. If the defendants are not able to identify these communications because the necessary documents are unavailable to them, they must so state under oath, and detail the efforts made to obtain them and what future action, if any, is likely to obtain them. If they believe a subpoena is necessary, they must state the foundation for that belief.

**i. Interrogatory No. 15 is a proper interrogatory request.**

Interrogatory No. 15 requires defendants to state the basis for their "affirmative defense that Plaintiffs failed to mitigate damages and identify all facts and documents supporting this defense." ECF No. 92-1 at 7. The defendants objected to this demand as an impermissible "blockbuster" interrogatory, and furthermore, on the grounds that it seeks information that will be provided by expert reports and depends on documents that they do not have. *Id.* at 7–8.

By failing to submit a pre-hearing discovery statement or respond to this motion, the defendants have waived their objection. *Cardenas*, 230 F.R.D. at 615. In all events, the objection is misplaced to the extent that it disclaims any obligation to answer. While "blockbuster" discovery requests that ask a responding party "to plead and prove its entire case, and to marshal all evidence, in response to one written interrogatory" are improper, Interrogatory No. 15 is not that. *Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 118636, at *6 (D. Colo. May 3, 2006). Rather, Interrogatory No. 15 is more properly classified as a "contention interrogatory," which "call for the application of law to facts," and "enable the propounding party to determine the proof required to rebut the responding party's claim or defense." *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. July 28, 2006). Contention interrogatories are not improper, *see Hayworth v. 1st Fin. Bank USA*, No. 18-cv-03106-RM-KLM, 2020 WL 134513, at *6 (D. Colo. Aug. 18, 2020), at least to the extent that they require the responding party to

provide the "principal or material facts" supporting an allegation or defense. *Moses*, 236 F.R.D. at 674. Furthermore, the defendants must be aware of the material or principal facts underlying their failure-to-mitigate defense or else they could not have asserted it. *See* Fed. R. Civ. P. 11(b). They therefore may not refuse to answer entirely on the basis that they do not have the necessary documents.

Accordingly, the defendants are directed to supplement their response to Interrogatory No. 15 within 14 days. The supplemented response must identify the material or principal facts and documents supporting their failure-to-mitigate defense. To the extent that they claim their ability to respond is hindered by the unavailability of certain documents, they must identify the documents with as much specificity as possible, explain why they are necessary, and detail their efforts to obtain them.

**j. The interrogatory responses were not verified.**

"Under Rule 33, answers to interrogatories must be verified and must be signed by the person answering the interrogatory, not only by the party's attorney." *Alabi v. Rollins*, Civ. No. 24-493 GJF/DLM, 2026 WL 2676022, at *2 (D.N.M. Sept. 11, 2026). As plaintiffs correctly observe, ECF No. 92 at 10, the interrogatory responses are not signed, and therefore do not comply with the federal rules.

Accordingly, the defendants are directed to sign their interrogatory responses within 14 days and sign their forthcoming supplemental responses consistent with Fed. R. Civ. P. 33(a)(5).

**k. The responses to Requests for Production Nos. 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 21, and 22 are deficient.**

For requests for production, "[r]esponding parties have an affirmative duty under Rule 34 to conduct a diligent search for reasonably available information that is in their possession, custody, or control." *Zheng v. Walker*, Civ. No. 22-432 SCY/GBW, 2023 WL 4365441, at *1

(D.N.M. July 6, 2023). "A response to a request for a production of documents is incomplete when it does not include all documents that the responding party has the practical ability to obtain, or when the party does not produce responsive documents and does not explain why she does not have possession, custody, or control of them." *Id.* at *2 (citations omitted). "If a party is unable to respond to a request for production because responsive documents do not exist, she should affirmatively state that she has made a reasonable effort to locate documents in her possession, custody, or control and affirm that she has produced all responsive documents." *Id.*

Under the above standards, the defendants' responses to the majority of the plaintiffs' requests for production are deficient. For Requests for Production Nos. 7, 8, 9, 10, 11, 12, 14, 16, 18, and 19, the defendants primarily state that "Plaintiff's accountant" Ms. Fritts had the requested documents, they "may need to be subpoenaed," and/or are in the plaintiffs' "exclusive control." ECF No. 92-1 at 10–12. However, in defendants' expert disclosure, served August 6, 2026, they designate the deceased Ms. Fritts as a defense expert. *See* ECF No. 92-2 at 1. In the disclosure, they state that Ms. Fritts "was employed by Amicus as an accountant and bookkeeper for the business VaporLife, *by both Plaintiffs and Defendants*." *Id.* (emphasis added). Putting aside the question of how the defendants could designate Ms. Fritts as a posthumous expert witness, the disclosure belies their suggestion that she worked exclusively for the plaintiffs and therefore her documents and records are categorically unavailable to them. Moreover, like their responses to many of the interrogatories, the defendants' responses to these requests for production are incomplete, evasive, and, in some cases, confusing—for instance, they do not explain why the requested documents, supposedly in the control of the plaintiffs, might need to be subpoenaed and under what conditions.

Accordingly, the defendants are directed to supplement their response to Requests for Production Nos. 7, 8, 9, 10, 11, 12, 14, 16, 18, and 19 with 14 days, and must include all responsive documents. If the defendants determine, after a diligent search of the reasonably available information in their possession, custody, or control, that the requested documents do not exist or are unavailable, they must so state under oath, detail what efforts they went to locate and obtain the requested documents, and clearly explain why they do not have possession, custody, or control of the documents. If the defendants believe that a subpoena is necessary to obtain the requested documents, they must indicate the foundation of that belief.

For Requests for Production Nos. 2, 3, 13, 21 and 22, the defendants respond, in essence, that they are in the process of obtaining the requested documents and will produce them at some unidentified point in the future. ECF No. 92-1 at 9–13. This response is deficient. *See Jone*s, 2005 WL 8163703, at *4. The defendants do not provide any indication of what actions they have undertaken to search for and obtain the requested documents, when they did so, and when they reasonably expect to obtain them. Nor have they supplemented their responses.

Accordingly, the defendants are directed to supplement their responses to Requests for Production Nos. 2, 3, 13, 21 and 22 with the requested documents within 14 days. If they do not have the documents yet, they must detail what efforts they took and when to obtain them and indicate when they anticipate receiving them. If the defendants have determined after a diligent search that the documents either do not exist or are not in their possession, custody, or control with reasonable effort, they must so state under oath, and provide the basis for that conclusion.

Finally, the plaintiffs indicate that the defendants' response to Requests for Production Nos. 4 and 6 reference documents that were not attached to the response or otherwise produced.

ECF No. 92 at 10–11. Accordingly, the defendants are directed to produce the documents referenced in their responses to Requests for Production Nos. 4 and 6 within 14 days.

**I. Sanctions**

The plaintiffs further request that the defendants be ordered to bear their expenses, including attorney's fees, for the instant motion and the preparation of the joint statement for the cancelled discovery hearing. *Id.* at 14.

Under the federal rules, if the court grants a motion to compel or the contested discovery is provided after filing, it ordinarily must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). There are exceptions, however, and the court must give the responding party "an opportunity to be heard" before imposing sanctions. *Id.* In addition, Rule 37 provides that upon motion, a court may impose sanctions, including attorney's fees, where a party "fails to serve its answers, objections, or written response" to properly served interrogatories or requests for production. *Id.* 37(d)(1)(ii). "An evasive or incomplete answer . . . is treated as a failure to answer." *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 3034810, at *4 (D. Kan. June 5, 2020). Accordingly, Fed. R. Civ. P. 37(d)(1)(ii) also contemplates sanctions for the deficient responses tendered by defendants to the plaintiffs' discovery requests.

Nevertheless, the imposition of sanctions is premature. Although the defendants did not properly engage in the conferral process prior to the discovery hearing, necessitating the filing of this motion, and have not submitted any response, they have not yet had an opportunity to be heard on the question of sanctions. Fed. R. Civ. P. 37(a)(5)(A) expressly requires they be given that opportunity. Although Fed. R. Civ. P. 37(d)(1)(ii) does not impose this requirement before a

court exercises its discretion to order sanctions, affording the defendants this opportunity is consistent with the structure and intent of Rule 37 as a whole and is the better course.

Accordingly, in addition to supplementing their discovery responses, the defendants will be afforded the opportunity to file a response in opposition to the plaintiff's request for sanctions within 14 days of this Order.

**ORDER**

1. The Plaintiffs' Motion Re Discovery Dispute, ECF No. 92, is **GRANTED** except for the plaintiffs' request for sanctions, which is held in abeyance.

2. Within **14 days** of this Order, the defendants **shall** supplement their discovery responses as set forth below:

    a. The defendants must completely, explicitly, and responsively answer Interrogatory No. 1. If they do not possess the requested information in whole or in part after a diligent search, they must so state under oath, and explain in detail what specific efforts they made to obtain it, and what further action, if any, would be likely to obtain it. If they believe a subpoena is necessary, they must state the foundation for that belief.

    b. The defendants must completely, explicitly, and responsively answer Interrogatory No. 2, and provide the underlying documents. If they do not possess the requested information and/or the underlying documents in whole or in part after a diligent search, they must so state under oath, and explain in detail what specific efforts they made to obtain them, and what further action, if any, would be likely to obtain them.

    c. The defendants must completely, explicitly, and responsively answer Interrogatory No. 4, and provide the list of Mivelaz's relevant assets referenced in the initial response. If the defendants do not possess the requested information and/or the referenced list in whole or in part after a diligent search, they must so state under oath, and explain in detail what specific efforts they made to obtain this information and/or list, and what further action, if any, would be likely to obtain it.

    d. The defendants must completely, explicitly, and responsively answer Interrogatory No. 6. Their response must include whether they have obtained a copy of any and all applications responsive to this request. If they have not obtained any such application, the defendants shall so state under oath, and detail what efforts have been made, and what further action, if any, is likely to obtain it.

    e. The defendants must supplement their response to Interrogatory No. 8 by providing the documents referenced in their initial response.

f. The defendants must completely, explicitly, and responsively answer Interrogatory No. 9. If the defendants determine after a diligent search that the requested communications do not exist or are unavailable in whole or in part, they must so state under oath, and explain in detail what efforts have been made to discern their existence and obtain them. If the defendants determine that the requested communications exist but are not available to them, they must state what further action, if any, is likely to obtain them. If they believe a subpoena is necessary, they must provide the foundation for that belief.

g. The defendants must completely, explicitly, and responsively answer Interrogatory No. 12. If the defendants determine that the requested information is not available after a diligent search in whole or in part, they must so state under oath, and explain why the previously disclosed records are insufficient, why the identified but unavailable records are necessary, what efforts have been made to obtain them, and what future action, if any, is likely to obtain them. If the defendants maintain that they did not make any personal withdrawals from VaporLife's bank accounts, they must so state under oath. In all events, if they have the information, the defendants must identify their withdrawals for payroll disbursements referenced in their initial response, including dates and amounts.

h. The defendants must completely, explicitly, and responsively answer Interrogatory No. 13. If the defendants determine that the requested communications do not exist or are unavailable after a diligent search in whole or in part, they must so state under oath, and explain in detail what efforts have been made to discern their existence and obtain them. If the defendants determine that the requested communications exist but are not available to them, they must state what further action, if any, is likely to obtain them. If they believe a subpoena is necessary, they must provide the foundation for that belief.

i. The defendants must completely, explicitly, and responsively answer Interrogatory No. 15 to the extent that they must identify the material or principal facts and documents supporting their failure-to-mitigate defense. To the extent that they claim their ability to respond is hindered by the unavailability of certain documents, they must identify the documents with as much specificity as possible, explain why they are necessary, and detail their efforts to obtain them.

j. The defendants must sign their initial interrogatory responses and their forthcoming supplemental responses consistent with Fed. R. Civ. P. 33(a)(5).

k. The defendants must supplement their responses to the plaintiffs' requests for production as follows:

    i) For Requests for Production Nos. 7, 8, 9, 10, 11, 12, 14, 16, 18, and 19, the defendants must provide all responsive documents. If the defendants determine after a diligent search that some or all of the requested documents do not exist or are unavailable, they must so state under oath, and detail what efforts they made to locate and obtain them, and clearly explain why the

documents are not within their possession, custody, or control. If they believe a subpoena is necessary to obtain any of the requested documents, they must indicate the foundation for that belief.

ii) For Requests for Production Nos. 2, 3, 13, 21 and 22, the defendants must provide all responsive documents. If they do not have some or all of the requested documents, they must detail what actions they took and when to obtain them and indicate when they anticipate receiving the responsive documents. If the defendants have determined after a diligent search that the documents either do not exist or are not in their possession, custody, or control with reasonable effort, they must so state under oath, and provide the basis for that conclusion.

iii) For Requests for Production Nos. 4 and 6, the defendants must produce the documents referenced but not provided in their initial responses.

Entered this 30th day of October, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge